UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT
Case No. 3:18-cv-00023-GFVT

*Electronically Filed*

KELSEY LOVE                                                                                                       PLAINTIFF

V.                                                        **ANSWER**

FRANKLIN COUNTY, KENTUCKY, *et al.*                                    DEFENDANTS

*******************

Defendants, Franklin County, Kentucky ("Franklin County") Rick Rogers, Michael Phillips, Anthony Pullen, Sergeant Harrod, and the four John Doe deputy jailers (collectively, "Defendants"), by counsel, for their Answer to Plaintiff's First Amended Complaint (Doc. No. 9, the "Amended Complaint") state as follows:

**PRELIMINARY STATEMENT**

1. In response to the allegations in paragraph 1 of the Amended Complaint, Defendants state that the allegations contained in this paragraph do not require a response, that the Federal Rule cited speaks for itself, but that, to the extent a response is required, such allegations are denied.

2. In response to the allegations in paragraph 2 of the Amended Complaint, Defendants state that the paragraph contains Plaintiff's statement of the case, arguments, and conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

## PARTIES AND JURISDICTION

3. In response to the allegations in paragraph 3 of the Amended Complaint, Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's residence, and therefore deny the same. Defendants admit paragraph 3 insofar as it alleges Plaintiff was previously incarcerated at Franklin County Regional Jail. Defendants deny all remaining allegations in paragraph 3.

4. In response to the allegations in paragraph 4 of the Amended Complaint, Defendants state that the allegations set forth conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

5. In response to the allegations in paragraph 5 of the Amended Complaint, Defendants admit that Rick Rogers is the Franklin County Jailer. Defendants further state that the statutes referenced speak for themselves and do not require a response. The remaining allegations in paragraph 5 set for conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

6. In response to the allegations in paragraph 6 of the Amended Complaint, Defendants admit that Michael Phillips is an employee of Franklin County Regional Jail. The remaining allegations in paragraph 6 set forth conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

7. In response to the allegations in paragraph 7 of the Amended Complaint, Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of the allegations, and therefore deny the same. Defendants further state that the allegations in paragraph 7 set for conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

8. In response to the allegations in paragraph 8 of the Amended Complaint, Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of the allegations, and therefore deny the same. Defendants further state that the allegations in paragraph 8 set forth conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

9. In response to the allegations in paragraph 9 of the Amended Complaint, Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of the allegations, and therefore deny the same. Defendants further state that the allegations in paragraph 9 set forth conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

10. In response to the allegations in paragraph 10 of the Amended Complaint, Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of the allegations, and therefore deny the same. Defendants further state that the allegations in paragraph 10 set forth conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

11. In response to the allegations in paragraph 11 of the Amended Complaint, Defendants admit that Anthony Pullen is an employee of Franklin County Regional Jail. The remaining allegations in paragraph 11 set forth conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

12. In response to allegations in paragraph 12 of the Amended Complaint, Defendants admit that Sgt. Harrod was an employee of Franklin County Regional Jail. The remaining allegations in paragraph 12 set forth conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

13. In response to allegations in paragraph 13 of the Amended Complaint, Defendants state that the allegations set forth conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

## **FACTUAL ALLEGATIONS**

14. Defendants admit the allegations in paragraph 14 of the Amended Complaint.

15. In response to the allegations in paragraph 15 of the Amended Complaint, Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of the allegations concerning how long Plaintiff was pregnant, and therefore deny the same.

16. In response to the allegations in paragraph 16 of the Amended Complaint, Defendants state that the allegations in paragraph 16 set forth conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

17. In response to the allegations in paragraph 17 of the Amended Complaint, Defendants state that the allegations in paragraph 17 set forth conclusions of law to which no response is required. Defendants further state that the Inmate Observation Record speaks for itself. To the extent a response is required, such allegations are denied.

18. In response to the allegations in paragraph 18 of the Amended Complaint, Defendants state that the allegations in paragraph 18 set forth conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

19. In response to the allegations in paragraph 19 of the Amended Complaint, Defendants lack sufficient knowledge and/or information sufficient to form a belief as to the truth of the allegations, and therefore deny the same.

20. In response to the allegations in paragraph 20 of the Amended Complaint, Defendants state that the allegations in paragraph 20 set forth conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

21. In response to the allegations in paragraph 21 of the Amended Complaint, Defendants state that the allegations in paragraph 21 set forth conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

22. In response to the allegations in paragraph 22 of the Amended Complaint, Defendants state that the allegations in paragraph 22 set forth conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

23. In response to the allegations in paragraph 23 of the Amended Complaint, Defendants state that the allegations in paragraph 23 of the Amended Complaint set forth conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

24. Defendants admit the allegations in paragraph 24 of the Amended Complaint.

25. In response to the allegations in paragraph 25 of the Amended Complaint, Defendants admit that, upon entering Plaintiff's cell, Defendant Phillips discovered that Plaintiff had delivered an infant. Defendants deny the remaining allegations in paragraph 25.

26. Defendants deny the allegations in paragraph 26 of the Amended Complaint.

27. In response to the allegations in paragraph 27 of the Amended Complaint, Defendants state that the allegations in paragraph 27 set forth conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

28. In response to the allegations in paragraph 28 of the Amended Complaint, Defendants state that the allegations in paragraph 28 set forth conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

29. Defendants deny the allegations in paragraph 29 of the Amended Complaint.

30. In response to the allegations in paragraph 30 of the Amended Complaint, Defendants state that the allegations in paragraph 30 set forth conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

31. In response to the allegations in paragraph 31 of the Amended Complaint, Defendants state that the allegations in paragraph 31 set forth conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

32. In response to the allegations in paragraph 32 of the Amended Complaint, Defendants state that the allegations in paragraph 32 set forth conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

## COUNT 1:
## FOURTEENTH AMENDMENT – DELIBERATE INDIFFERENCE

33. In response to the allegations in paragraph 33 of the Amended Complaint, the paragraph contains an incorporation for which no response is required. To the extent a response is required, Defendants reiterate and adopt each response to the allegations contained in paragraphs 1 through 32 of this Answer.

34. In response to the allegations in paragraph 34 of the Amended Complaint, Defendants state that the allegations in paragraph 34 set forth conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

35. In response to the allegations in paragraph 35 of the Amended Complaint, Defendants state that the allegations in paragraph 35 set forth conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

36. In response to the allegations in paragraph 36 of the Amended Complaint, Defendants state that the allegations in paragraph 36 set forth conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

37. In response to the allegations in paragraph 37 of the Amended Complaint, Defendants state that the allegations in paragraph 37 set forth conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

38. In response to the allegations in paragraph 38 of the Amended Complaint, Defendants state that the allegations in paragraph 38 set forth conclusions of law to which no response is required, and that the statute speaks for itself. To the extent a response is required, such allegations are denied.

## COUNT 2:
## FOURTEENTH AMENDMENT – INTENTIONAL DECISION

39. In response to the allegations in paragraph 39 of the Amended Complaint, the paragraph contains an incorporation for which no response is required. To the extent a response is required, Defendants reiterate and adopt each response to the allegations contained in paragraphs 1 through 38 of this Answer.

40. In response to the allegations in paragraph 40 of the Amended Complaint, Defendants state that the allegations in paragraph 40 set forth conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

41. In response to the allegations in paragraph 41 of the Amended Complaint, Defendants state that the allegations in paragraph 41 set forth conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

42. In response to the allegations in paragraph 42 of the Amended Complaint, Defendants state that the allegations in paragraph 42 set forth conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

43. In response to the allegations in paragraph 43 of the Amended Complaint, Defendants state that the allegations in paragraph 43 set forth conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

44. In response to the allegations in paragraph 44 of the Amended Complaint, Defendants state that the allegations in paragraph 44 set forth conclusions of law to which no response is required, and that the statute speaks for itself. To the extent a response is required, such allegations are denied.

## COUNT 3:
## FOURTEENTH AMENDMENT – SUPERVISORY LIABILITY

45. In response to the allegations in paragraph 45 of the Amended Complaint, the paragraph contains an incorporation for which no response is required. To the extent a response is required, Defendants reiterate and adopt each response to the allegations contained in paragraphs 1 through 44 of this Answer.

46. In response to the allegations in paragraph 46 of the Amended Complaint, Defendants state that the allegations in paragraph 46 set forth conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

47. Defendants deny the allegations in paragraph 47 of the Amended Complaint

48. Defendants deny the allegations in paragraph 48 of the Amended Complaint.

49. In response to the allegations in paragraph 49 of the Amended Complaint, Defendants state that the allegations in paragraph 49 set forth conclusions of law to which no response is required, and the statute speaks for itself. To the extent a response is required, such allegations are denied.

## COUNT 4:
## FOURTEENTH AMENDMENT – *MONELL* LIABILITY

50. In response to the allegations in paragraph 50 of the Amended Complaint, the paragraph contains an incorporation for which no response is required. To the extent a response is required, Defendants reiterate and adopt each response to the allegations contained in paragraphs 1 through 49 of this Answer.

51. Defendants deny the allegations in paragraph 51 of the Amended Complaint.

52. Defendants deny the allegations in paragraph 52 of the Amended Complaint.

53. In response to the allegations in paragraph 53 of the Amended Complaint, Defendants state that the allegations in paragraph 53 set forth conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

54. In response to the allegations in paragraph 54 of the Amended Complaint, Defendants state that the allegations in paragraph 54 set forth conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

55. In response to the allegations in paragraph 55 of the Amended Complaint, Defendants state that the allegations in paragraph 55 set forth conclusions of law to which no response is required, and the statute speaks for itself. To the extent a response is required, such allegations are denied.

## COUNT 5:
## NEGLIGENCE

56. In response to the allegations in paragraph 56 of the Amended Complaint, the paragraph contains an incorporation for which no response is required. To the extent a response is required, Defendants reiterate and adopt each response to the allegations contained in paragraphs 1 through 55 of this Answer.

57. In response to the allegations in paragraph 57 of the Amended Complaint, Defendants state that the allegations in paragraph 57 set forth conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

58. Defendants deny the allegations in paragraph 58 of the Amended Complaint.

59. In response to the allegations in paragraph 59 of the Amended Complaint, Defendants state that the allegations in paragraph 59 set forth conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

60. In response to the allegations in paragraph 60 of the Amended Complaint, Defendants state that the allegations in paragraph 60 set forth conclusions of law to which no response is required. To the extent a response is required, such allegations are denied.

## PLAINTIFF'S REQUEST FOR RELIEF

61. Defendants deny that Plaintiff is entitled to the relief set forth in the prayer for relief following paragraph 60 of the Amended Complaint, or to any relief whatsoever.

## FIRST DEFENSE

62. The Amended Complaint fails to state a claim against the Defendants upon which relief may be granted and should be dismissed.

## SECOND DEFENSE

63. Plaintiff's claims are barred by doctrines of sovereign and qualified immunity.

### THIRD DEFENSE

64. Plaintiff's claims are barred by the Eleventh Amendment.

### FOURTH DEFENSE

65. Plaintiff's claims are barred, in whole or in part, by Plaintiff's own conduct.

### FIFTH DEFENSE

66. Plaintiff's claims are barred, in whole or in part, by comparative negligence. Any and all alleged events and happenings, injuries, losses or damages referred to in the Amended Complaint were directly and proximately caused and contributed to, in whole or in part, by the carelessness and negligence of plaintiff herein, and therefore the extent of loss, damages or injury sustained by plaintiff, if any, should be reduced in proportion to the amount of negligence or fault attributable to said plaintiff.

### SIXTH DEFENSE

67. Plaintiff's Amended Complaint fails to name a necessary party to this action.

### SEVENTH DEFENSE

68. Although the Complaint is groundless and without merit, if the Court finds there is a contestable issue, Plaintiff is barred from recovery herein in that the conduct of Plaintiff, and other persons unknown to this answering Defendants, constituted a supervening, intervening cause of the damages, injuries and losses allegedly sustained by Plaintiff.

### EIGHTH DEFENSE

69. Plaintiff's claims are barred as this Court lacks subject matter jurisdiction over this matter.

## **NINTH DEFENSE**

70. Although the Complaint is groundless and without merit, if the Court finds there is a contestable issue, Plaintiff is barred from recovery against the Defendants due to the comparative fault of a third party.

## **RESERVATION**

71. Defendants reserve the right to add additional affirmative defenses that may arise.

## **REQUESTED RELIEF**

**WHEREFORE**, Defendants, by counsel, having answered the Amended Complaint, respectfully demand that they be dismissed with prejudice and that Plaintiff recover nothing by way of her Amended Complaint; that Defendants recover their costs herein expended, including attorneys' fees; and that the Defendants have all further relief to which they may be entitled.

Respectfully Submitted,

/s/ Matthew D. Wingate
Paul C. Harnice
Sarah J. Bishop
Connor B. Egan
Matthew D. Wingate
Stoll Keenon Ogden, PLLC
201 W Main St., Ste A
P.O. Box 5130
Frankfort, KY 40601
Telephone: (502) 875-6220
Facsimile: (502) 875-6235
Paul.Harnice@skofirm.com
Sarah.Bishop@skofirm.com
Connor.Egan@skofirm.com
Matthew.wingate@skofirm.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was served to opposing counsel on Wednesday, April 10, 2019 via electronic mail through the ECF filing system.

/s/ Matthew D. Wingate
*Counsel to Defendants*

122020.160559/7911518.3