UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT
*Electronically Filed*

| | |
|---|---|
| KELSEY LOVE ) | |
| ) | |
| Plaintiff ) | Case No. 3:18-cv-23-GFVT |
| ) | |
| v. ) | |
| ) | |
| FRANKLIN COUNTY, KENTUCKY, ) | |
| *et al.* ) | |
| ) | |
| BRANDI UPTON ) | |
| ) | |
| Serve: Franklin Co. Regional Jail ) | |
|     400 Coffee Tree Road ) | |
|     Frankfort, Kentucky 40604 ) | |
| ) | |
| JOHN RINGER ) | |
| ) | |
| Serve: Franklin Co. Regional Jail ) | |
|     400 Coffee Tree Road ) | |
|     Frankfort, Kentucky 40604 ) | |
| ) | |
| JEFF ABRAMS ) | |
| ) | |
| Serve: Franklin Co. Regional Jail ) | |
|     400 Coffee Tree Road ) | |
|     Frankfort, Kentucky 40604 ) | |
| ) | |
| Defendants ) | |

\*\*\*\*\*\*\*\*\*\*\*

## SECOND AMENDED COMPLAINT

### PRELIMINARY STATEMENT

1.  Kelsey Love entered Franklin County Regional Jail when she was eight months pregnant. Jail triage staff ordered security staff to observe Love every

10 minutes. Despite that, jail security staff permitted Love to endure labor and deliver an infant with no medical attention. Love seeks damages caused by Defendants' conduct pursuant to the Fourteenth Amendment to the United States Constitution, the Civil Rights Act of 1871, and Kentucky common law.

## PARTIES AND JURISDICTION

2.  Kelsey Love is a resident of Jefferson County, Kentucky. When the incidents giving rise to this Complaint occurred, she was incarcerated at Franklin County Regional Jail in Franklin County, Kentucky.

3.  At all times relevant to this Complaint, Defendant Franklin County, Kentucky was responsible for the establishment of policies and procedures, either formally or by custom, regarding the employment, training, supervision, discipline, and conduct of all officers, employees, and independent contractors at FCRJ, and was responsible for the employment, training, supervision, discipline, and conduct of all officers, employees, and independent contractors at FCRJ.

4.  At all times relevant to this Complaint, Defendant Rick Rogers was the Franklin County Jailer. Pursuant to Kentucky Revised Statute § 71.020, he has the "custody, rule, and charge" of FCRJ. Further, KRS § 71.040 required Rogers to treat all people incarcerated at FCRJ "humanely and furnish them with proper food and lodging during their confinement." He was responsible for the establishment of policies and procedures, either formally or by custom, regarding the employment, training, supervision, discipline, and conduct of all officers, employees, and independent contractors at FCRJ, and was responsible for the employment,

training, supervision, discipline, and conduct of all officers, employees, and independent contractors at FCRJ. He personally and directly participated in Love's mistreatment. He is sued in his individual capacity.

5. At all times relevant to this Complaint, Defendant Michael Phillips was a deputy jailer at FCRJ. He was responsible for the safety of inmates incarcerated at FCRJ, and personally and directly participated in Love's mistreatment. He is sued in his individual capacity.

6. At all times relevant to this Complaint, Defendant Brandi Upton was a deputy jailer at FCRJ. She was responsible for the safety of inmates incarcerated at FCRJ, and personally and directly participated in Love's mistreatment. She is sued in her individual capacity.

7. At all times relevant to this Complaint, Defendant John Ringer was a deputy jailer at FCRJ. He was responsible for the safety of inmates incarcerated at FCRJ, and personally and directly participated in Love's mistreatment. He is sued in his individual capacity.

8. At all times relevant to this Complaint, Defendant Jeff Abrams was a deputy jailer at FCRJ. He was responsible for the safety of inmates incarcerated at FCRJ, and personally and directly participated in Love's mistreatment. He is sued in his individual capacity.

9. At all times relevant to this Complaint, Defendant Anthony Pullen was a sergeant at FCRJ. He was responsible for the safety of inmates incarcerated at

FCRJ, and personally and directly participated in Love's mistreatment. He is sued in his individual capacity.

10. At all times relevant to this Complaint, Defendant Timothy Harrod was a sergeant at FCRJ. He was responsible for the safety of inmates incarcerated at FCRJ, and personally and directly participated in Love's mistreatment. He is sued in his individual capacity.

11. This Court has subject matter jurisdiction over this action and venue is proper. Plaintiff's claims involve an amount more than the jurisdictional limit of this Court and a substantial amount of the conduct giving rise to this matter occurred in this judicial District.

## FACTUAL ALLEGATIONS

12. On May 15, 2017, Kelsey Love was incarcerated at Franklin County Regional Jail.

13. Love was approximately eight months pregnant.

14. Defendants knew Love was approximately eight months pregnant.

15. The Inmate Observation Record attached as Exhibit A demonstrates that Love's medical condition caused FCRJ's triage team to order FCRJ officers to observe Love every 10 minutes.

16. Defendants failed to observe Love every 10 minutes.

17. After Love began labor, every individual defendant other than Rogers looked in Love's cell.

18. When they looked in Love's cell, it was obvious she was in labor.

4

19. After the individual defendants looked in Love's cell when it was obvious she was in labor, they notified Rogers of their observations.

20. Despite her obvious condition, no defendant provided her medical care or attention.

21. Despite her obvious condition, no defendant requested that a medical professional provide Love medical care or attention.

22. When Defendant Phillips finally entered Love's cell at approximately 8:04 a.m., there was a large amount of blood smeared on the floor across the entire cell.

23. By then, Love had completed labor and delivered an infant alone in a jail cell without medical attention.

24. Neither Rogers nor Franklin County trained the other individual defendants to respond appropriately to medical emergencies.

25. The individual defendants other than Rogers acted in accordance with their lack of training by Defendants Rogers and Franklin County.

26. Defendants Rogers and Franklin County were aware of how the other individual defendants responded to and trained FCRJ staff to respond to FCRJ inmates with medical emergencies and intentionally chose not to intervene.

27. Defendant Franklin County did not train Rogers to respond appropriately to medical emergencies.

28. Defendant Rogers acted in accordance with his lack of training by Defendant Franklin County.

29. Defendant Franklin County was aware of how Defendant Rogers responded to and trained FCRJ staff to respond to FCRJ inmates with serious medical needs and intentionally chose not to intervene.

30. Defendants' conduct described above severely and permanently injured Love, for which she is entitled to recover actual damages in an amount to be determined at trial.

## COUNT 1:
## FOURTEENTH AMENDMENT – DELIBERATE INDIFFERENCE
## 42 U.S.C. § 1983
## (All Individual Defendants)

31. Plaintiff incorporates by reference the allegations previously set forth in this Complaint.

32. Love had a serious medical need in that she had a condition that a licensed medical provider determined required treatment or a condition so obvious that even someone who is not a licensed medical provider would recognize required treatment.

33. One or more Defendant was aware that Love had a serious medical need or strongly suspected facts showing a strong likelihood that Love had a serious medical need but refused to confirm whether these facts were true.

34. One or more Defendant consciously failed to take reasonable measures to provide or obtain treatment for Love's serious medical need.

35. Because of the actions of one or more Defendant, Love was harmed, subjected to a significant risk of harm, or both.

36. In addition to compensatory damages, interest, expenses, and court costs, Love is entitled to punitive damages and an award of attorney fees in prosecuting this action, pursuant to 42 U.S.C. § 1988.

### COUNT 2:
### FOURTEENTH AMENDMENT – INTENTIONAL DECISION
### 42 U.S.C. § 1983
### (All Individual Defendants)[1]

37. Plaintiff incorporates by reference the allegations previously set forth in this Complaint.

38. One or more Defendant made an intentional decision with respect to Love's medical care.

39. That care put Love at substantial risk of suffering serious harm.

40. One or more Defendant did not take reasonable available measures to abate that risk, even though a reasonable jail security staff member in the circumstances would have appreciated the high degree or risk involved—making the consequences of their conduct obvious.

41. By not taking such measures, one or more Defendant caused Love's injuries.

42. In addition to compensatory damages, interest, expenses, and court costs, Love is entitled to punitive damages and an award of attorney fees in prosecuting this action, pursuant to 42 U.S.C. § 1988.

---

[1] Count 2 is pled based on a nonfrivolous argument for extending, modifying, or revising existing law, or for establishing new law. Fed. R. Civ. P. 11(b)(2).

## COUNT 3:
## FOURTEENTH AMENDMENT – SUPERVISORY LIABILITY
## 42 U.S.C. § 1983
## (Defendant Rogers)

43. Plaintiff incorporates by reference the allegations previously set forth in this Complaint.

44. One or more Defendant violated Love's Fourteenth Amendment rights.

45. Defendant Rogers encouraged the deliberate indifference of one or more Defendant in that he officially authorized, approved, or knowingly went along with the unconstitutional conduct of one or more Defendant.

46. Defendant Rogers set in motion a series of acts by others, or knowingly refused to terminate a series of acts by others, which one or both knew or reasonably should have known would cause others to inflict constitutional injury.

47. In addition to compensatory damages, interest, expenses, and court costs, Love is entitled to punitive damages and an award of attorney fees in prosecuting this action, pursuant to 42 U.S.C. § 1988.

## COUNT 4:
## FOURTEENTH AMENDMENT – *MONELL* LIABILITY
## 42 U.S.C. § 1983
## (Defendants Franklin County and Rogers)

48. Plaintiff incorporates by reference the allegations previously set forth in this Complaint.

49. Defendant Franklin County's and Defendant Rogers' respective training programs were inadequate to train their employees to carry out their duties.

50. Defendant Franklin County, Defendant Rogers, or both failed to adequately supervise or discipline their employees.

51. Defendant Franklin County's and Defendant Rogers' respective failures to adequately train, supervise, or discipline their employees amounted to deliberate indifference to the fact that inaction would obviously result in the violation of the right to medical care or attention for serious medical needs.

52. Defendant Franklin County's and Defendant Rogers' respective failures to adequately train, supervise, or discipline their employees proximately caused the violation of Love's right to medical care or attention for serious medical needs.

53. In addition to compensatory damages, interest, expenses, and court costs, Love is entitled to punitive damages and an award of attorney fees in prosecuting this action, pursuant to 42 U.S.C. § 1988.

**COUNT 5:**
**NEGLIGENCE**
**(All Individual Defendants)**

54. Plaintiff incorporates by reference the allegations previously set forth in this Complaint.

55. It was Defendants' duty to exercise ordinary care for the safety of other persons, including Love, to avoid foreseeable injuries.

56. Defendants knew or should have known Love was at risk of injury.

57. Defendants' breach of their duty was a substantial factor in causing Love's injuries.

58. In addition to compensatory damages, interest, expenses, and court costs, Love is entitled to punitive damages and an award of attorney fees in prosecuting this action.

## REQUEST FOR RELIEF

Accordingly, Kelsey Love requests that the Court grant the following relief:

1. Judgment in her favor against Defendants and an award of actual and punitive damages, for Defendants' unlawful actions;

2. An award of attorney fees, costs, and expenses incurred in prosecuting this action, pursuant to 42 U.S.C. § 1988;

3. Trial by jury; and

4. All other relief to which Love may be entitled.

Respectfully submitted,

/s/ Aaron Bentley
Aaron Bentley
abentley3B@gmail.com
Belzley, Bathurst & Bentley
P.O. Box 278
Prospect, Kentucky 40059
(502) 690-6054
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that, on October 16, 2019 I served the foregoing electronically via CM/ECF, which will send a notice of electronic filing to all parties of record.

/s/ Aaron Bentley
*Counsel for Plaintiff*

10