UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

|  |  |  |
|---|---|---|
| KELSEY LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:18-cv-00023-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| FRANKLIN COUNTY, KENTUCKY, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon Plaintiff Kelsey Love's and Third-Party Defendant Southern Heath Partner's (SHP) Motions to Bifurcate Trial. [R. 101; R. 107.] Love and SHP seek to bifurcate Love's § 1983 claims of deliberate indifference against the Franklin County defendants from Franklin County's third-party contractual claims against SHP. For the reasons that follow, the Motions to Bifurcate are GRANTED.

**I**

Plaintiff Kelsey Love was a pretrial detainee when she gave birth to a son, alone and unmedicated, in a Franklin County Regional Jail cell. [R. 1.] In May 2018, Love filed suit against Franklin County, Rick Rogers, Michael Phillips, Anthony Pullen, Sergeant Harrod and four John Doe[1] deputy jailers (collectively "Franklin County Defendants") alleging violations of 42 U.S.C § 1983 as well as state law negligence claims. *Id.*

---

[1] Plaintiff later amended her complaint to identify deputy jailers whose names she did not know at the time of filing her initial complaint, but later learned through discovery. [R. 36.]

The Franklin County Defendants sought leave to file a third-party complaint against Southern Health Partners (SHP), which the Court granted. [R. 25; R. 31.] In its third-party complaint, the Franklin County Defendants raise two claims against SHP. [R. 32.] Count 1 is a claim for contractual indemnity, and Count 2 is alleges breach of contract. *Id.* Franklin County characterizes Love's claims as a dispute over "fail[ure] to provide her with adequate medical services related to her pregnancy and childbirth." [R. 119 at 2.] Because they have contracted with SHP to provide medical care to inmates housed in Franklin County Regional Jail, Franklin County argues "if anyone failed to provide Plaintiff with appropriate medical care, it was Third-Party Defendant Southern Health Partners, Inc." *Id.* at 1. For these reasons, Franklin County argues the claims are "intertwined" and point out that bifurcation could mean "witnesses would potentially be required to appear in Court to testify to the same facts at multiple trials." *Id.* at 5.

Love and SHP dispute the Franklin County defendants' presentation of the claims, and agree that Love's constitutional and state law negligence claims should be bifurcated from Franklin County's contractual claims. [R. 101; R. 107.] They argue that trial of these claims together is likely to cause juror confusion. Further, Love and SHP argue that should Franklin County prevail against Love's claims, its claim for indemnity against SHP would be mooted.

**II**

Federal Rule of Civil Procedure 42(b) provides that "for convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). In determining whether to grant a motion to bifurcate, the Court should consider "the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy." *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007).

A review of the pleadings makes clear that bifurcation is appropriate here.  Love's complaint alleges the Franklin Count defendants were deliberately indifferent to her serious medical need, in violation of § 1983.  [R. 29.]  In order to prove her claims, Love—a pretrial detainee at the time of injury—will have to demonstrate that the defendants "recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety."  *Bruno v. City of Schenectady*, 727 Fed. Appx. 717, 720 (2018).  Presumably, then, the Franklin County defendants will try to present evidence refuting that they failed to act with reasonable care, or that they did not know and should not have known about an excessive risk to Love's health or safety.

Franklin County's third-party contractual claims are plainly unrelated to that purpose.  The proper interpretation of Franklin County and SHP's contract, and whether and to what extent SHP is required to indemnify SHP, has no bearing on whether or not the Franklin County defendants' actions caused Love to suffer a constitutional harm.  Presentation of evidence relating to both the constitutional and third-party contractual claims would serve only to confuse the jury.  This is especially true because contract interpretation is a question of law, not one for the trier of fact.  *First Am. Nat'l Bank v. Fidelity & Deposit Co.*, 5 F.3d 982, 984 (6th Cir. 1993).

Lastly, bifurcation does not prejudice the Franklin County Defendants.  Franklin County apparently intends to present evidence that deputy jailers "contacted their contracted-for medical service provider, SHP, and then followed the advice of a trained medical professional" in addressing Love's medical needs.  [R. 119 at 3.]  This factual evidence—which provides no insight into the proper interpretation of the indemnity clause in Franklin County's contract with SHP—is relevant to the state of mind of the deputy jailer defendants, and therefore

3

hypothetically admissible despite bifurcating the trials.  In no way is Franklin County's ability to to present the defense that it sought out and then followed the advice of medical professionals in caring for Love hampered by bifurcation of its contractual claims.

### III

The facts of the case warrant bifurcation of Plaintiff Kelsey Love's constitutional and state law negligence claims from the third-party claims against SHP.  Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Plaintiff Kelsey Love's and Third-Party Defendant SHP's Motions to Bifurcate **[R. 101; R. 107]** are **GRANTED**.

This the 5th day of August, 2020.

Gregory F. Van Tatenhove
United States District Judge