UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| KELSEY LOVE,<br><br>　　　Plaintiff,<br><br>V.<br><br>FRANKLIN COUNTY, KENTUCKY, *et al.*,<br><br>　　　Defendant.<br><br>V.<br><br>SOUTHERN HEALTH PARTNERS, INC.,<br><br>　　　Third-Party Defendant. | Civil No. 3:18-cv-00023-GFVT<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Sometime during the early morning hours of May 16, 2017, Plaintiff Kelsey Love gave birth to a son, alone and unmedicated, locked in a cell within the Franklin County Regional Jail. [R. 36.] She filed suit in May 2018 and named Franklin County, Kentucky, Jailer Rick Rogers, and several deputy jailers employed by FCRJ as defendants. [R. 1; R. 36.] Although Love did not raise any claim against Southern Health Partners or its employees, Franklin County moved in September 2019 for leave to file a third-party complaint against Southern, which the Court granted. [R. 25; R. 31.] In June 2020, Franklin County and Southern filed cross motions for summary judgment. [R. 97; R. 99.] In its Motion, Franklin County argued that, according to the County and Southern's Health Services Agreement, Southern was required to indemnify and defend the County against Love's claims. [R. 97.] In its Motion, Southern argued that it was not

required to indemnify or defend Franklin County. [R. 99.] On August 14, 2020, the Court granted summary judgment in favor of Southern. [R. 142.] Now, Franklin County has filed a Motion to Vacate Judgment pursuant to Fed. R. Civ. Pro. 59(e). [R. 145.] Because it has not introduced new evidence or a change in law, and because it has not demonstrated a clear error or law or impending manifest injustice, Franklin County's Motion to Vacate is **DENIED**.

**I**

This Motion stems from the same factual basis as the original Memorandum Opinion & Order [R. 142], and therefore, the facts from that opinion are incorporated here by reference. Franklin County contracts with Chattanooga-based Southern Health Partners, Inc. to provide medical services at Franklin County Regional Jail. *Id.* at 1. On May 16, 2017, Plaintiff Kelsey Love gave birth, alone and unmedicated, locked in her jail cell. *Id.* She filed suit in May 2018 and named Franklin County, Kentucky, Jailer Rick Rogers, and several deputy jailers employed by FCRJ as defendants. [R. 1; R. 36.]

In September 2019, Franklin County moved for leave to file a third-party complaint against Southern, which the Court granted. [R. 25; R. 31.] In its Complaint, Franklin County argued that Southern must indemnify it from Love's claims because "[Southern] was contractually responsible for providing Love with [medical] services." [R. 120 at 1.] It also argued that, by declining to indemnify FCRJ, Southern had breached the Health Services Agreement. [R. 32 at 6.] Franklin County then filed a Motion for Summary Judgment against Southern in support of these allegations. [R. 97.] Southern followed Franklin County's Motion with a Motion for Summary Judgment of its own. [R. 99.] In its Motion, Southern disputed that the Agreement required it to indemnify the County when the Jail incurs liabilities "due to the jail's own intentional or negligent actions[.]" [R. 99-1 at 15.] Additionally, Southern argued

2

that, because the indemnity clause was not triggered, it had not breached the contract. [R. 142 at 3.]

In its Memorandum Opinion & Order, the Court granted summary judgment in favor of Southern on both claims because it found that the contract between Franklin County and Southern did not require indemnity when Franklin County is sued for its own acts and omissions instead of poor medical care on the part of Southern. [R. 142 at 7.] In its Motion to Vacate, Franklin County argues that the Court incorrectly granted summary judgment because the "Order [was] based on inapplicable case law and ignores binding precedent," and because the Court "erroneously ignored Kentucky contract law." [R. 145-1 at 4-6.]

**II**

Rule 59(e) provides that a judgment can be set aside or amended for one of four reasons: (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in the controlling law; or (4) to otherwise prevent manifest injustice. *See also, ACLU of Ky. v. McCreary County, Ky.*, 607 F.3d 439, 450 (6th Cir. 2010); *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). A district court has discretion to grant or deny a Rule 59(e) motion. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 832 (6th Cir. 1999). Re-argument is not an appropriate purpose for a motion to reconsider. *Davenport v. Corrections Corp. of America*, 2005 WL 2456241 (E.D. Ky. Oct. 4, 2005).

In its Motion to Vacate, Franklin County first argues that the Court committed a clear error of law by following "inapplicable case law" and "ignor[ing] binding precedent" in finding that Southern was not required to indemnify and defend it against Ms. Love's claims. [R. 145-1 at 4-6.] Second, Franklin county argues that the Court "erroneously ignored Kentucky contract

3

law" by finding that Southern had not breached the HSA. [R. 145-1 at 6-11.] The Court shall address each argument in turn.

A

Franklin County first argues that the Court incorrectly concluded that Southern is not required to indemnify and defend it against Ms. Love's claims because it relied on non-binding precedent. Section 8.3 of the HSA reads as follows:

> <u>Hold Harmless</u>. [Southern] agrees to indemnify and hold harmless the Jailer, the County, their agents, servants and employees from and against any and all claims, actions, lawsuits, damages, judgments or liabilities of any kind whatsoever arising out of the operation and maintenance of the aforesaid program of health care services conducted by [Southern], it being the express understanding of the parties hereto that [Southern] shall provide the actual health care services. The Jailer shall promptly notify [Southern] of any incident, claim or lawsuit of which the Jailer becomes aware and shall fully cooperate in the defense of such claim, but [Southern] shall retain sole control of the defense while the action is pending, to the extent allowable by law.
> County does hereby agree to indemnify and hold harmless [Southern], its agents, servants, employees and medical staff from and against any and all injuries, claims, actions, lawsuits, damages, judgments or liabilities of any kind whatsoever arising out of the operation of the facility and/or the negligence of the Jailer, the County, or their agents, servants and employees, to the extent authorized and permitted by law.

[R. 32-1.] To determine whether Section 8.3 required Southern to indemnify and defend Franklin County, the Court analyzed language in the clause stating that Southern will indemnify Franklin county for liabilities "arising out of the operation and maintenance of the . . . program of health care services conducted by [Southern]." [R. 142 at 6.] Ultimately, the Court found that, because Love "seeks to hold the Franklin County defendants liable for their own acts and omissions, not for poor medical care on the part of [Southern]," her claims were not "arising out of the operation and maintenance of the . . . program of health care services conducted by [Southern]," and thus, the indemnity clause had not been triggered. *Id.* at 7.

4

In reaching this conclusion, the Court cited to *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 705 (11th Cir. 1985).[1] In *Ancata*, the Eleventh Circuit ruled that, even when a County contracts with a health care provider, the duty to provide medical care to incarcerated individuals "is not absolved by contracting [with a health care provider]" and that "[a]lthough [the health care provider] had contracted to perform an obligation owed by the county, the county itself remains liable for any constitutional deprivations caused by the policies or customs of the Health Service" because the "county's duty is non-delegable." *Ancata*, 769 F.2d at 705. Similarly, the Court in the current matter found that, despite Franklin County's vehement argument stating otherwise, simply contracting with a health care provider does not absolve the County from liability caused by its own alleged failure to provide medical care. [R. 142 at 7.]

Franklin County now argues that the Court's citation to *Ancata* was clearly erroneous because the case includes factual differences from the current matter and because multiple other binding cases render it obsolete. [R. 145-1 at 4-6.] Regarding the factual differences, the County states "*Ancata* dealt with a motion to dismiss and involved medical professionals at a prison who, over an extended period of time, 'informed the plaintiff and his family that he would not be referred to a non-staff specialist without a court order.'" *Id.* at 4. The County then argues that, because the current matter is at the summary judgment stage and focuses on events which transpired over a short length of time, the situations are incompatible. *Id.* In response, Southern

---

[1] The citation was placed in a string citation alongside *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), binding Supreme Court precedent. The *Estelle* citation was included to demonstrate that legal differences exist between a medical malpractice claim and a constitutional violation brought forth by a prisoner.

5

argues that the factual differences do not affect the outcome of the Court's legal conclusion and that Sixth Circuit caselaw is consistent with the Court's holding. [R. 146 at 4.] The Court agrees with Southern and is unpersuaded that the factual differences affect the Court's holding that the County has a non-delegable duty to provide medical care and that this duty is not absolutely satisfied by simply entering into a health services agreement with a health care provider.

Next, Franklin County analyzes multiple different binding cases which it asserts render *Ancata* inapplicable. First, the County references *Smith v. Campbell Cnty.*, U.S. Dist. LEXIS 49233 (E.D. Ky. Mar. 25, 2019). In *Smith*, another district judge in the Eastern District of Kentucky stated that "it is not unconstitutional 'for municipalities and their employees to rely on medical judgments made by medical professionals responsible for medical care." LEXIS 49233, at *69 (quoting *Graham v. Cnty. Of Washtenaw*, 358 F.3d 377, 384 (6th Cir. 2004)).[2] The County then discusses the holding of *Graham*, which indicates that municipalities and their policymakers are insulated from liability under § 1983 when "county policy delegates the provision of prison healthcare to a private contractor." *Smith*, LEXIS 49233 at *77 (citing *Graham*. 358 F.3d at 377). In response, Southern states that no party to this case argues "that it is unconstitutional for municipalities to contract for the provision of medical services to inmates. But nothing in [*Graham*] . . . holds that contracting for the provision of medical services in any way allows the Jail to evade liability for its own wrongdoing." [R. 146 at 4.] The Court agrees with Southern. The Court need not analyze the holdings of either *Smith* or

---

[2] Although Franklin County states that it was "this Court" who made this finding, thereby insinuating that the Court's Order violates its own precedent, *Smith* was decided by United States District Judge David L. Bunning and is only a persuasive opinion to this Court.

6

*Graham* in this matter because the issue of whether a jail employee relying on the advice of a contracted medical professional, is insulated from § 1983 liability is inconsequential in this matter. Instead, this case asks whether Franklin County obtained proper medical care for Ms. Love; it does not ask whether medical care provided by Southern was insufficient.

Next, Franklin County states that the Court's reference to *Ancata* violates the holdings of *Rice v. Montgomery Cnty.*, 2016 U.S. Dist. LEXIS 59604 (E.D. Ky. May 5, 2016) and *Shadrick v. Hopkins Cnty.*, 805 F.3d 724, 737 (6th Cir. 2015).[3] [R. 145-1 at 5-6.] In *Rice*, the Court analyzed whether the death of an inmate was partially due to insufficient training of contracted medical personnel. LEXIS 59604 at *38-*43. The Court there noted that "[b]ecause [Southern] performs the traditional state function of providing medical services to inmates, it 'stands in the shoes of' Montgomery County for purposes of § 1983 liability." *Id.* at *38. Similarly, in *Shadrick*, the Sixth Circuit ruled that, because "Hopkins County retained no control over the manner or means by which Southern provided the contracted medical services . . ." § 1983 liability could not attach to the County. *Shadrick*, 805 F.3d at 745-46. Franklin County then proceeds to argue that, because Nurse Sherrow allegedly instructed jailers and the staff to keep monitoring Ms. Love instead of sending her to the hospital or taking further action, Franklin County and its staff are shielded from liability because they relied on her medical advice. [R. 145-1 at 5.]

In response, Southern states that this "is not a case that turns upon the jail staff

---

[3] Once again, Franklin County insinuates that *Rice* is binding precedent when, in fact, it is only a persuasive opinion by United States District Judge Karen K. Caldwell.

7

obtaining medical treatment for the plaintiff; the medical staff making a treatment decision; and the jail staff reasonably relying upon that professional's judgment." [R. 146 at 5.] Instead, Southern argues that this case is "premised on the Franklin County defendant's failure to obtain [medical care] for her, not on any failure of Southern to provide it." [R. 146 at 6 (citing [R. 142 at 6.])). Southern also insinuates that the Jail has misrepresented that it was the opinion of Nurse Sherrow that the jail staff should simply continue to monitor the Plaintiff.[4] [R. 146 at 6, n. 3.] Southern finally relies on the Court's citation to *Blackmore v. Kalamazoo County*, in which the Sixth Circuit clearly indicated that a jail can be sued for failure to provide medical care. *See Blackmore*, 390 F.3d 890, 895 (6th Cir. 2004).

    The Court is unpersuaded by Franklin County's arguments. Although it does not disagree that reliance on the medical advice of a doctor or nurse might insulate the County from § 1983 liability, the County's citations to those cases are simply red herrings in this matter. Ms. Love alleges that that the County failed to obtain medical care for her, not that the medical care Southern provided was insufficient. Thus, this matter is factually and legally distinct from each case the County cites to.

**B**

    Next, Franklin County argues that the Court's "Order erroneously ignored Kentucky contract law" by finding that the HSA's indemnity clause had not been triggered in this case. [R. 145-1 at 6-11.] In its Memorandum Opinion & Order, the

---

[4] Although not explicitly stated, it is clear that Southern is arguing that Nurse Sherrow's "opinion" cannot constitute proper medical advice that might insulate Franklin County from § 1983 liability because the jail staff did not provide Nurse Sherrow with enough details to form an accurate medical opinion.

8

Court found that, because "Love seeks to hold the Franklin County defendants liable for their own acts and omissions, not for poor medical care on the part of [Southern]," "§ 8.3 of the Health Services Agreement is not triggered, and Southern need not indemnify Franklin County against Love's claims." [R. 142 at 7.] In opposition, Franklin County argues that the Court came to this conclusion because Ms. Love chose to not sue Southern in this matter and it argues that the contract's indemnity clause controls regardless of which parties Ms. Love chose to sue. [*See* R. 145-1 at 6.] The County then proceeds to reference multiple cases which indicate that the terms of a contract control regardless of which parties a plaintiff chooses to sue. *Id.* at 7-11. Finally, the County argues that the Court incorrectly found that, because Love did not sue Southern, any medical advice Nurse Sherrow gave was irrelevant to the County's potential liability.[5]

In response, Southern does not disagree that the terms of the contract's indemnity clause are controlling. Instead, Southern states that its "indemnity obligation is triggered when [it] provides care that is improper or inadequate. It is not triggered when, as is alleged here, the Jail fails to seek medical treatment." [R. 146 at 3.] Southern then argues that because "[n]one of the duties that Plaintiff alleges were breached relate to a failure of

---

[5] Specifically, Franklin County takes issue with the Court's statement, found in a footnote, that "even if [Southern]'s advice for monitoring Love's condition was unsound, this fact does not change the nature of the claim asserted in Plaintiff's complaint" [R. 142 at 6, n.2.] The Court acknowledges that this statement might appear to insinuate that a jail's reliance on medical advice does not shield it from liability. However, this was not the intention of the statement. Instead, the Court was trying to convey that, regardless of whether the jail staff contacted Southern for medical advice, the allegations in this matter are that the contacts with Southern, which allegedly failed to provide accurate and total information to Southern, did not satisfy the jail's duty to provide medical care. Ms. Love does not allege that Southern's advice, and therefore any actions which were taken by jail staff based on that advice, was insufficient.

9

[Southern] in the provision of 'actual healthcare services'," its duty to indemnify, under the plain contractual language of the HSA, has not been triggered. *Id.* at 6. The Court agrees with Southern. The terms of the HSA are indeed controlling in this matter, and, despite Franklin County's assertions, the controlling terms do not mandate indemnity.

### III

Because the Court has not found clear error in its application of law in its initial Memorandum Opinion & Order, Franklin County's Motion to Vacate **[R. 145]** is **DENIED**.

This the 2nd day of February, 2021.

Gregory F. Van Tatenhove
United States District Judge